IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**BRANDON SMITH**,
an individual,

    Plaintiff,

v.                                                           Case 2:21-cv-02428-SHL-cgc

**LOEB BROS. REALTY, L.P.**
a limited partnership,

    Defendant.

### ORDER ON MOTION TO COMPEL

Before the Court, by way of Order of Reference (D.E. # 29), is Plaintiff Brandon Smith's ("Plaintiff") November 1, 2021 Motion to Compel (D.E. # 28).  Defendant Loeb Bros. Realty L.P. ("Defendant") filed its response on November 15, 2021.  (D.E. # 32)  Plaintiff filed his reply without leave of court[1] on November 22, 2021.  (D.E. # 36)

Plaintiff's Complaint requests declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act 42 U.S.C. § 12181 *et seq.*  (D.E. # 1)  The Complaint alleges that Defendant has failed to remove physical barriers to access at its property located at 2855 Poplar Avenue, Memphis, Tennessee.  Plaintiff seeks an order compelling responses to Request for Production of Documents 1-10:

> DOCUMENT REQUEST NO. 1: All official records of LOEB BROS. REALTY, L.P. --including but not limited to: (i) bylaws, membership agreements and/or partnership agreements; (ii); articles of incorporation and/or articles of

---

[1] Plaintiff filed a motion for leave to file a reply (D.E. # 35) at 6:07pm November 22, 2021 and filed the reply at 6:10pm that same day.

organization; (iii) meeting minutes; (iv) agendas; (v) summaries; (vi) organizational charts; and (vii) lists of shareholders, directors, officers, partners, or members-and documents sufficient to identify each person having an interest (whether equity, security, debt, or other legal interest) in LOEB BROS. REALTY, L.P., (including partners, shareholders, members, and/or agents) and the value of each such interest.

DOCUMENT REQUEST NO. 2: All documents and communications relating to your ownership interest in any real property.

DOCUMENT REQUEST NO. 3: All documents and communications relating to LOEB BROS. REALTY, L.P., ownership interest in any property—including but not limited to: (i): all checking and savings accounts (provide all bank statements); (ii) stocks, bonds and other securities; (iii) accounts receivable; (iv) inventory; (v) motor vehicles or watercraft: (vi) judgments held by you against third parties; (vii) rents receivable; (viii) intellectual property; (xi) and insurance policies.

DOCUMENT REQUEST NO. 4: All documents and communications relating to LOEB BROS. REALTY, L.P., use of any safe or safe deposit box and the contents therein.

DOCUMENT REQUEST NO. 5: All federal and state corporate tax returns LOEB BROS. REALTY, L.P. has filed for the last five tax years (2015 to present), accompanied with supporting documents substantiating expenses listed on the Schedule C portions of each tax return.

DOCUMENT REQUEST NO. 6: All documents and communications relating to any property of yours held by third parties.

DOCUMENT REQUEST NO. 7: All documents and communications comprised of, containing or relating to any loans and/or mortgages owed to you.

DOCUMENT REQUEST NO. 8: All documents and communications comprised of, containing or relating to any loan or mortgage applications (including any attached documents) completed by LOEB BROS. REALTY, L.P., or on LOEB BROS. REALTY, L.P. behalf, which currently has or has had any loan or mortgage balance during the last five fiscal years (2015 to present).

DOCUMENT REQUEST NO. 9: All documents and communications comprised of, containing or relating to applications (including any attached documents) for any federal, state, or local government, or government agency sponsored or underwritten, grant or other funding, including but not limited to any financial assistance offered in response to the Coronavirus (COVID-19) pandemic, completed by you or on your behalf.

> DOCUMENT REQUEST NO. 10: All previous and current general liability, premises liability, errors and omissions, umbrella, or other insurance policies, including the complete policies and declarations sheets, held by you relating to the property with Parcel ID: 04505900001C, and/or facility, located at 2855 Poplar Avenue, Memphis, Tennessee, which are the subject of this action.
> (D.E. # 28-2, PageID 117-119)

Defendant's response to each of these requests is "Loeb objects to this Request on the grounds that it is overly broad and unduly burdensome. None of the documents requested have any relevance to any claim asserted by Plaintiff or defense asserted by Loeb." (D.E. # 28-3, PageID 124-127) Plaintiff argues that the requests are relevant to "whether the remedies to barriers to entry are 'readily achievable'" as defined in 28 C.F.R. Part 36 and that Defendant "raised this as a defense in Paragraphs 'Second 29g, 30, 31, 32, 33, 34, 35, 36, 37 and 38' of its Answer." (D.E. # 28-1, PageID 106) Defendant responds that the Answer did not raise "defenses that 'remedies' to barriers are not readily achievable because of Defendant's finances."

> The scope of discovery is defined by Fed.R.Civ.P 26(b)(1):
>
> "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Plaintiff pins the relevance of these requests on the Defendant's Answer. A close look at the Answer (D.E. # 17) and the Paragraphs cited by Plaintiff does not support this position. Complaint paragraphs 30 and 34 are the only two cited by Plaintiff that directly address financial matters. Paragraph 30 avers that "[t]he removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out

without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304." Defendant denied the averments in the paragraph. Paragraph 34 states that "[r]emoval of the physical barriers and dangerous conditions at the Subject Property is readily achievable because of the relative low cost of the necessary modifications and the Defendant has the financial resources to make the modifications, including the financial assistance made available to Defendant by the government pursuant to Section 44 and/or Section 190 of the IRS Code." Defendant only denied "the existence of physical barriers or dangerous conditions." Neither of Defendant's denials puts its financial condition at issue. Plaintiff assumes that the defense is a lack of financial resources but the Answer does not make it plain that that is the case.

Plaintiff further argues that, because he has the initial burden to show that his suggested methods of barrier removal are readily achievable, the requests are relevant. Colorado Cross Disability v. Hermanson Family et al., 264 F.3d 999 (10th Cir.), cited by Plaintiff in support of his position, discusses the burden shifting regarding the determination of whether the suggested method of barrier removal is readily achievable. Neither this opinion nor the other opinions cited by Plaintiff address the question at issue – whether Plaintiff is entitled to sweeping financial discovery solely because he bears the initial burden of production.

A survey of cases that have addressed the question of the discoverability of a defendant's financial records indicates that the solution most often implemented is a stipulation by the defendant that it will not raise its financial condition as a defense as to why it cannot remedy and/or remove the alleged barriers. See, Lopez v. St. Clair, et al., 14-cv-2145-LAB, 2016 WL 4625510, *2 (S.D. Cal. September 6, 2016) (Order denying summary judgment that discusses and references the stipulation); Core v. Nese, et al., CV 20-1856-PA, 2020 WL 6491420, (C.D.

Cal. August 27, 2020) (Motion to compel production of documents resolved with order to tender stipulation to plaintiff).

Because neither the Defendant's Answer nor its responses the Requests for Production of Documents at issue specifically states that Defendant waives the financial resources defense the undersigned is hesitant to order the submission of a stipulation to that effect. Final resolution of this Motion will be held in abeyance until **January 31, 2022.** Defendant is ORDERED to inform the Court on or before that date whether a declaration, signed under penalty of perjury, stating that it is waiving its financial resources defense with respect to the readily achievable analysis has been tendered to Plaintiff. Upon receipt of notice from Defendant, a final order on this Motion will enter.

**IT IS SO ORDERED** this 20th day of January, 2022.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE
